IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HERBERT MCDOWELL, #145167, | ) Civil Action No. 3:10-1959-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) |
| JON OZMINT, DIRECTOR SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; ANN HALLMAN, INMATE GRIEVANCE ADMINISTRATOR; AND VERA JENKINS, INMATE GRIEVANCE COORDINATOR, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

Plaintiff filed this action, pro se, on July 29, 2010.[1] He is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Plaintiff appears to allege that his constitutional rights were violated because he is double celled in punitive segregation and Defendants have failed to properly process his grievances. Plaintiff also filed a motion for a temporary restraining order ("TRO") and/or preliminary injunction on July 29, 2010. He asks that the Court direct Defendants Jenkins and Hallman to "immediately process [his] pending grievances which they have under their control in accordance with SCDC Policy GA-01.12 Inmate Grievance System and the Prison Litigation Reform Act." Defendants did not file a separate response to

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

Plaintiff's motion, but filed an answer in which they deny that Plaintiff is entitled to a TRO or preliminary injunction.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., __ U.S __, 129 S.Ct. 365, 374-376, 172 L.Ed.2d 249 (2008).

It is recommended that Plaintiff's motion for a preliminary injunction be denied. Plaintiff asks that the court issue an injunction without providing a legal basis for doing so. He fails to show that he is entitled to relief under the factors set out in Winter. Plaintiff is unlikely to be successful in the underlying dispute concerning the processing of his grievances. Access to administrative remedies is not itself a constitutionally protected right. See Adams v. Rice, 40 F.3d 72 (4th Cir.1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991). Further, allegations that Defendants did not follow SCDC policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). Although the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust prison grievance procedures before filing suit, the PLRA requires that administrative remedies "as are available" must be exhausted. See Jones v. Bock, 549

U.S. 199, 202 (2007); 42 U.S.C. § 1997e. Thus, the PLRA does not require prisons and jails to implement certain administrative exhaustion procedures nor does the PLRA require prison officials to process grievances. The PLRA merely requires prisoners to attempt to exhaust whatever available administrative remedies exist before filing civil rights lawsuits. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (discussing the meaning of "available" administrative remedies). Plaintiff also fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction. Additionally, he has not shown that the balance of equities tips in his favor or that an injunction is in the public interest.

## **CONCLUSION**

Based on review of the record, it is recommended that Plaintiff's motion for a TRO and/or preliminary injunction (Doc. 3) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

December 8, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).