IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HERBERT MCDOWELL,   #145167,  ) | Civil Action No. 3:10-1959-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| JON OZMINT, DIRECTOR, SOUTH CAROLINA ) | |
| DEPARTMENT OF CORRECTIONS; ) | |
| ANN HALLMAN, INMATE GRIEVANCE ) | |
| ADMINISTRATOR; ) | |
| VERA JENKINS, INMATE GRIEVANCE ) | |
| COORDINATOR, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action on July 29, 2010.[1] He is an inmate at the Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). Plaintiff appears to allege claims under 42 U.S.C. § 1983 for violations of his constitutional rights. On December 13, 2010, Defendants filed a motion for summary judgment. Plaintiff, because he is proceeding pro se, was advised on December 17, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on January 12, 2011.

**STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972)

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(e) DSC. Because this a dispositive motion, this Report and Recommendation is entered for review by the court.

and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact."  Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

## DISCUSSION

Plaintiff claims that he is unable to bring a § 1983 action for cruel and unusual punishment and violation of due process because he is not allowed to exhaust his available administrative remedies through the grievance system at SCDC.  He claims that Defendants have violated his First and Fourteenth Amendment rights because they have denied him the right to petition the government for redress of grievances, denied him access to the courts, denied him due process, denied him equal

protection, and denied his rights under the Privileges and Immunities Clause[2] of the United States Constitution. See Complaint at 3. Defendants contend that their motion for summary judgment should be granted because: (1) they are entitled to qualified immunity; (2) Plaintiff fails to state a claim; and (3) Plaintiff failed to exhaust his available administrative remedies.

    1.    Administrative Remedies

Defendants contend that Plaintiff fails to show that he exhausted all of his available administrative remedies as to the matters asserted in this action. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The Fourth Circuit, in Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674 (4th Cir. 2005), held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court

---

[2]This provides:
    The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.
U.S.C.A. Const. Art. 4, § 2, cl. 1. Here, Plaintiff appears to be a citizen of South Carolina and simply has not shown a violation of this clause.

from inquiring on its own motion into whether the inmate exhausted all administrative remedies." Id. at 683.

Plaintiff provided copies of a number of grievances he claims he filed with SCDC. See Complaint, Exs. A-P. Defendant Ann Hallman, Inmate Grievance Administrator for SCDC, asserts that Plaintiff fails to show that he exhausted his available administrative remedies as to any of these grievances. See Hallman Aff. Plaintiff appears to argue that he submitted these grievances to SCDC and Defendants should have processed them.

Hallman states that the SCDC Inmate Grievance Procedure requires an inmate to make an effort to informally resolve a grievance by either submitting a Request to Staff Member Form or discussing it with the appropriate staff member. If informal resolution is not possible, the inmate then completes a Form 10-5, also known as a Step 1 Grievance, and submits it to the employee designated by the warden within fifteen days of the alleged incident. If the inmate is not satisfied with the decision, he may appeal to the Division Director of Operations. The appeal is accomplished by completing a SCDC Form 10-5a, also known as a Step 2 Grievance and submitting it and the Step 1 Grievance to the Institutional Inmate Grievance Coordinator within five days of the receipt of the response. The responsible official renders a final decision which is SCDC's final response. An inmate who wishes to appeal the decision has thirty days to appeal to the South Carolina Administrative Law Court ("ALC"). Hallman Aff., Para. 6; Ex. B (SCDC Inmate Grievance Procedure Policy GA-01.12).

Hallman provides that none of the grievances in question received a final response from SCDC (Step-2 response), except the grievances in Exhibits K (Grievance LCI 0738-10) and M (Grievance LCI-0395-10). She argues that these grievances were not exhausted because Plaintiff did

not appeal SCDC's final response to the ALC. The fact that the South Carolina Legislature made a court available to prisoners who wanted to appeal a final decision by a jail facility denying a grievance, however, does not alter the federal PLRA by extending its administrative exhaustion requirements to include exhaustion in all state judicial forums. In § 1983 matters, Congress only intended that "administrative remedies" be satisfied. See e.g., Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)(exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court), cert. denied, 437 U.S. 949 (2002); Brown v. Evans Corr. Inst. Med. Staff, 2007 WL 1290359, at *4 (D.S.C. April 30, 2007).

Plaintiff has not shown that he exhausted his available administrative remedies except as to Grievances LCI 0738-10 and LCI 0395-10. In Grievance LCI 0738-10, Plaintiff complained that Hallman returned some of his grievances because they were not submitted to the proper person. See Complaint, Ex. K. In LCI 0395-10, Plaintiff complained that he was forced to be doubled celled which caused an unreasonable threat to his physical and mental health. See Complaint, Ex. M.[3] Plaintiff appears to argue that his failure to exhaust should be excused because Defendants have not processed his grievances. The reasons given by Defendants for not processing Plaintiff's grievances,

---

[3]Plaintiff fails to show that he has exhausted his administrative remedies as to any claims concerning his disciplinary convictions. Further, Plaintiff's claims concerning his disciplinary proceedings are barred by Heck v. Humphrey, 512 U.S. 477 (1994)(where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and until he successfully attacks the conviction on which his suit is based) and Edwards v. Balisok, 520 U.S. 641 (1997)(Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); see also Kerr v. Orellana, 969 F. Supp. 357 (E.D.Va. 1997)(holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck). He has not shown he successfully attacked any of these disciplinary hearing convictions.

however, concern Plaintiff's failure to follow the SCDC grievance process procedures. Although Plaintiff may dispute these procedures, he has not shown that he properly followed the applicable policies concerning the filing of his grievances.

      2.      <u>Grievances/Failure to Follow SCDC Policies</u>

Plaintiff appears to allege that Defendants violated his rights by failing to follow federal law and SCDC policies. Defendants contend that Plaintiff fails to establish a constitutional claim concerning these allegations.

Plaintiff fails to show a constitutional violation concerning the processing of his grievances or access to the grievance system. Access to administrative remedies is not itself a constitutionally protected right. <u>See</u> <u>Adams v. Rice</u>, 40 F.3d 72 (4th Cir.1994); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir.1991). Further, allegations that Defendants did not follow SCDC policies or procedures, standing alone, do not amount to constitutional violations. <u>See</u> <u>United States v. Caceres</u>, 440 U.S. 741 (1978); <u>see also</u> <u>Riccio v. County of Fairfax, Virginia</u>, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); <u>Keeler v. Pea</u>, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). Although the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust prison grievance procedures before filing suit, the PLRA requires that administrative remedies "as are available" must be exhausted. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 202 (2007); 42 U.S.C. § 1997e. Thus, the PLRA does not require prisons and jails to implement certain administrative exhaustion procedures nor does the PLRA require prison officials to process grievances. The PLRA merely requires prisoners to attempt to exhaust whatever available administrative remedies exist before filing civil rights lawsuits.

See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (discussing the meaning of "available" administrative remedies).

     3.     Conditions of Confinement/Double Celling

Plaintiff appears to allege that Defendant Ozmint violated his constitutional rights by double celling him while he was in punitive segregation without providing a policy and procedure for his safety. The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81. Here, Plaintiff fails to establish a constitutional claim because he has

not shown any serious or significant physical or emotional injury resulting from the alleged conditions. See Strickler, 989 F.2d at 1380-1381.

4.   Mental Anguish

Plaintiff requests monetary damages for "psychological damage including personal humiliation and mental anguish and injury to the quality of Plaintiff['s] life." Complaint at 5. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[4]

42 U.S.C. § 1997e(e).

5.   Equal Protection

Plaintiff alleges that his equal protection rights were violated. He has not exhausted his available administrative remedies as to any equal protection claim and he fails to show that his equal protection rights have been violated. An equal protection claim arises when, without adequate justification, similarly-situated persons are treated differently by a governmental entity. U.S. Const. amend XIV. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has

---

[4]The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

8

been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, (4th Cir. 2001). Here, Plaintiff has not shown that he was treated differently than those with whom he is similarly situated.

      6.    Qualified Immunity

Defendants contend that they are entitled to qualified immunity in their individual capacities. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Id. at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff has failed to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities

**CONCLUSION**

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 16) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

June 3, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).